Filed 5/21/15; mod. & pub. order 6/19/15 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| AMADO VALBUENA et al., | B256378 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC508248) |
| v. | |
| OCWEN LOAN SERVICING, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Robert Leslie Hess, Judge. Reversed.

Gomez & Simone, Mark A. Gomez and Stuart R. Simone for Plaintiffs and Appellants.

Wright Finlay & Zak, Nicole S. Dunn and T. Robert Finlay for Defendant and Respondent.

Plaintiffs Amado and Myrna Valbuena sued Ocwen Loan Servicing, LLC ("Ocwen") following their lender's purchase of their residence at a non-judicial foreclosure sale. They allege that Ocwen violated Civil Code section 2923.6, the prohibition on "dual tracking" contained in the Homeowners Bill of Rights, when it conducted a foreclosure sale of their property while their loan modification application was pending. The trial court sustained Ocwen's demurrer, ruling that plaintiffs' failure to allege tender of the loan balance defeated their claims. We disagree, and so reverse the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiffs purchased the real property located at 360 East 238th Place in Carson (the "property") in 2004. In August 2006, plaintiffs obtained from American Brokers Conduit a $485,000 loan secured by the property; that loan was assigned to Deutsche Bank in September 2011. At that time, plaintiffs were behind in their mortgage payments, having suffered financial difficulties.

On September 26, 2011, T.D. Service Company, as trustee, recorded a Notice of Default and Election to Sell Under Deed of Trust on the property. The notice of default stated that plaintiffs were $21,181.11 in arrears as of September 30, 2011. A Notice of Trustee's Sale was recorded on December 22, 2011, setting a foreclosure sale for January 17, 2012. A second Notice of Trustee's Sale was recorded on February 15, 2013, setting the foreclosure sale date for March 14, 2013; the sale was later postponed until March 25, 2015. The lender acquired the property at the foreclosure sale on that date. A Trustee's Deed upon Sale was recorded on October 15, 2013.[2]

---

[1] "We set forth the facts in accordance with the standard governing demurrers: we assume the truth of all well-pleaded facts and accept as true all facts that may be implied or inferred from the facts alleged." (*Morgan Phillips, Inc. v. JAMS/Endispute, L.L.C.* (2006) 140 Cal.App.4th 795, 798.)

[2] At Ocwen's request, we take judicial notice of the Trustee's Deed upon Sale. (Evid. Code, §§ 452, 459.)

As of March 1, 2013, after the second Notice of Trustee's Sale was recorded, Ocwen took over the servicing of plaintiffs' mortgage loan. Ocwen sent plaintiffs a letter dated March 13, 2013, which plaintiffs received on March 18, 2013, stating: "[A]s your loan servicer, we are committed to helping YOU. We offer a full range of mortgage assistance programs, and actively participate in the Obama Administration's Home Affordable Mortgage Program (HAMP). [¶] You may be able to lower your monthly payments – APPLY NOW to find out what options are available to you!" The letter explained the application process, and promised "a thorough review of your financial situation." The letter continued: "While we consider your request, we will not initiate a new foreclosure action and we will not move ahead with the foreclosure sale on an active foreclosure as long as we have received all required documents and you have met the eligibility requirements. In the event that a foreclosure sale has been set and is within 30 days from this request for a HAMP application, the foreclosure sale will not be stopped and the sale will take place on the scheduled date unless a complete HAMP application with all required attachments and signatures is delivered to Ocwen no later than 7 business days prior to the scheduled foreclosure sale date."

On March 21, 2013, plaintiffs responded to this letter by submitting paystubs, a W-2, and bank statements to Ocwen. On March 23, 2013, after speaking with an Ocwen representative, plaintiffs submitted additional financial documentation in support of their loan modification application. By letter dated March 25, 2013 the date of the foreclosure sale, Ocwen notified plaintiffs that they were not eligible for a loan modification because "[a]s of the date of this letter your loan has a confirmed sale date within 7 days."

Plaintiffs filed the instant lawsuit on May 7, 2013 and amended the complaint on August 19, 2013 alleging causes of action for breach of contract, intentional and negligent misrepresentation, promissory estoppel, wrongful foreclosure, unlawful business practices, breach of the implied covenant of good faith and fair dealing, and "Set Aside of Trustee's Sale." Ocwen demurred, and plaintiffs filed their second amended complaint, the operative pleading herein. That complaint omitted the causes of action for intentional misrepresentation, wrongful foreclosure and to set aside the foreclosure sale,

3

and added four new claims, for violation of the homeowner's bill of rights, fraud, negligence, and intentional infliction of emotional distress.[3]

Ocwen again demurred, contending that the second amended complaint failed to state a cause of action upon which relief could be granted. The trial court agreed, stating in its minute order that its grant of leave to amend did not authorize plaintiffs to allege the new causes of action for negligence and intentional infliction of emotional distress, and that the remaining causes of action were defective due to the absence of "pleading of tender or exception to tender requirement even though this is post-foreclosure." The court sustained the demurrer without leave to amend, and subsequently entered judgment in favor of Ocwen.

Plaintiffs timely appealed the judgment of dismissal.

DISCUSSION

"A demurrer tests the legal sufficiency . . . of the complaint. We independently review the sustaining of a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) We construe the pleading in a reasonable manner and read the allegations in context. (*Ibid.*) We must affirm the judgment if the sustaining of a general demurrer was proper on any of the grounds stated in the demurrer, regardless of the trial court's stated reasons. (*Aubry v. Tri–City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)" (*Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 81.)

---

[3] The record on appeal does not contain plaintiffs' reply to Ocwen's demurrer to the first amended complaint, a reporter's transcript of the hearing on that demurrer, or a ruling on the demurrer. Thus, we do not know whether the trial court sustained Ocwen's demurrer to the causes of action for wrongful foreclosure and cancellation of instruments, or plaintiffs simply chose to omit them from their second amended complaint.

4

Plaintiffs frame the issue in this appeal as follows: "[W]hether the Trial Court erred in sustaining the Respondent's Demurrer to the SAC in its entirety, concluding that the entire case – which, among other things, alleges several statutory violations of the California Homeowner's Bill of Rights ('HBOR') – should be dismissed with prejudice because Plaintiffs/Appellants did not allege tender of their entire loan balance in their amended complaint."

The Homeowner's Bill of Rights (Civ.Code,[4] §§ 2920.5, 2923.4-.7, 2924, 2924.9-.12, 2924.15, 2924.17-.20) ("HBOR"), effective January 1, 2013, was enacted "to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer, such as loan modifications or other alternatives to foreclosure." (§ 2923.4.) Among other things, HBOR prohibits "dual tracking," which occurs when a bank forecloses on a loan while negotiating with the borrower to avoid foreclosure. (§ 2923.6.) HBOR provides for injunctive relief for statutory violations that occur prior to foreclosure (§ 2924.12, subd. (a)), and monetary damages when the borrower seeks relief for violations after the foreclosure sale has occurred. (§ 2924.12, subd. (b).)

Section 2923.6, the dual tracking prohibition in HBOR which plaintiff maintains Ocwen violated, provides in pertinent part as follows:

"(b) It is the intent of the Legislature that the mortgage servicer offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

"(c) If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or

---

**4**      Unless otherwise noted, further statutory references are to the Civil Code.

authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:  [¶]  (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.  [¶]  (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.  [¶]  (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

"(d)  If the borrower's application for a first lien loan modification is denied, the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error.

"(e)  If the borrower's application for a first lien loan modification is denied, the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or, if a notice of default has already been recorded, record a notice of sale or conduct a trustee's sale until the later of:  [¶]  (1) Thirty-one days after the borrower is notified in writing of the denial.  [¶]  (2) If the borrower appeals the denial pursuant to subdivision (d), . . . 15 days after the denial of the appeal. . . .

"(f)  Following the denial of a first lien loan modification application, the mortgage servicer shall send a written notice to the borrower identifying the reasons for denial, including the following:  [¶]  (1) The amount of time from the date of the denial letter in which the borrower may request an appeal of the denial of the first lien loan modification and instructions regarding how to appeal the denial. . . . [¶] . . . [¶].

"(h)  For purposes of this section, an application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." (§ 2923.6.)

HBOR provides remedies for violation of the foregoing statutory provision in section 2924.12: "If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief," which injunction shall remain in place "until the court determines that the mortgage servicer . . . has corrected and remedied the violation

6

or violations giving rise to the action for injunctive relief." (§ 2924.12, subd. (a)(1)-(2).) After a trustee's deed upon sale has been recorded, a borrower may sue for "actual economic damages." A material violation found by the court to be intentional or reckless, or to result from willful misconduct, may result in a trebling of actual damages or statutory damages of $50,000. (§ 2924.12, subd. (b).) "A court may award a prevailing borrower reasonable attorney's fees and costs in an action brought pursuant to this section." (§ 2924.12, subd. (i).)

Nothing in the language of HBOR suggests that a borrower must tender the loan balance before filing suit based on a violation of the requirements of the law. Indeed, such a requirement would completely eviscerate the remedial provisions of the statute. Moreover, the rationale for the tender rule, "[I]t would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property" (*United States Cold Storage v. Great Western Savings and Loan Assn.* (1995) 165 Cal.App.3d 1214, 1225), has no application here, where plaintiffs' lawsuit is not based on the premise of a defect in the giving of notice but on the statutory grounds laid out in HBOR, and seeks monetary damages. Ocwen's citation to case law predating the enactment of HBOR to create a pleading requirement not contained in the statute is unavailing. In short, we agree with plaintiffs that a tender of the amount due under the loan is not required to state a cause of action under section 2923.6.

Ocwen also contends that the loan modification application submitted by plaintiffs was neither timely nor complete. It argues, "an application is only deemed 'complete' 'when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer.' [Citation.] Here, [plaintiffs] admit that they did not supply servicer Ocwen with all the documents required per the timeframe specified in the March 13, 2013 Letter ('Offer Letter.')" Thus, Ocwen asserts that plaintiffs' allegation that they submitted a "complete" loan modification application is a conclusory allegation insufficient to

7

survive a demurrer, and that the untimeliness of the application is established by the Offer Letter, Exhibit C to the second amended complaint.

In their second amended complaint, plaintiffs alleged that, after receiving the Offer Letter on March 18, 2013 they responded by submitting the requested documentation to Ocwen on March 21, 2013. Also around this time, they received notice that the foreclosure sale previously scheduled for March 14, 2014 had been postponed until March 25, 2014. On March 23, 2013 plaintiffs spoke with Ocwen's representative by telephone, and were informed that they "just need to submit some more documents to make their loan modification application 'complete.'" The Ocwen representative did not tell them that, due to the pending sale date, it was already too late to apply for a loan modification. Plaintiffs mailed the additional financial

Ocwen relies on the statute's definition of a "complete" submission – that is, all documents required by the mortgage servicer within the reasonable timeframe specified by the mortgage servicer – to argue that the modification application was not complete because it was not received seven or more days before the scheduled foreclosure sale. However, the complaint alleges that the Offer Letter, dated March 13, 2014, by its own terms required plaintiffs to submit a completed application by March 18, 2014, the same day they received the offer in the mail. Plaintiffs contend that these facts at best create a triable issue of whether Ocwen provided plaintiffs with a "reasonable timeframe" for submission of a complete application, an issue not suitable for resolution on a demurrer. We agree. In short, we conclude that by alleging the submission of the loan modification application three days after receipt of the Offer Letter, and the transmittal of the additional documents requested by Ocwen on the date of request, plaintiffs have sufficiently alleged that a complete loan modification application was pending at the time Ocwen foreclosed on their home in violation of section 2923.6.[5]

_____

[5] We note that several unpublished federal district court cases have concluded that a plaintiff's failure to allege tender of the loan balance does not alone defeat a plaintiff's section 2923.6 claim. (See *Bingham v. Ocwen Loan Servicing, LLC* (2014 WL 1494005 (N.D. Cal.); *Stokes v. CitiMortgage, Inc.* (2014 WL 4359193 (C.D. Cal.).)

The trial court sustained Ocwen's demurrer to plaintiffs' causes of action for negligence and intentional infliction of emotional distress because it did not grant plaintiffs leave to amend the complaint to add these new claims. Plaintiffs do not challenge that ruling on appeal. Each of plaintiffs' remaining causes of action (for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, fraud, negligent misrepresentation and violations of Business and Professions Code section 17200 et seq.) were dismissed based upon the improper application of the tender rule. Because the sufficiency of the factual allegations to support these causes were not considered below, we reverse the trial court's ruling on demurrer as to each of them.

DISPOSITION

The judgment is reversed.

GOODMAN, J.[*]

We concur:

MOSK, Acting P.J.

KRIEGLER, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9

Filed 6/19/15

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| AMADO VALBUENA et al., | B256378 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC508248) |
| v. | |
| OCWEN LOAN SERVICING, LLC, | ORDER MODIFYING OPINION AND CERTIFYING FOR PUBLICATION |
| Defendant and Respondent. | [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on May 21, 2015, be modified as follows:

1. On page 8, the last sentence of the first full paragraph is deleted and the following sentence is inserted in its place:

> Plaintiffs mailed the additional financial documents requested by Ocwen on that same day, and requested no further documents thereafter. Based on the foregoing facts, plaintiffs alleged that their loan modification application was "complete."

2. On page 8, footnote 5 is deleted.

3. The following footnote, numbered 5, is inserted at the end of the first full paragraph on page 7:

> We note that several unpublished federal district court cases have concluded that a plaintiff's failure to allege tender of the loan balance does not alone defeat a plaintiff's section 2923.6 claim. (See *Bingham v. Ocwen Loan Servicing, LLC* (N.D. Cal. Apr. 16, 2014, No. 13-CV-04040 LHK) 2014 U.S. Dist. WL 1494005; *Stokes v. CitiMortgage, Inc.* (C.D. Cal. Sept. 3, 2014, No. CV 14-00278 BRO (SHx)) 2014 U.S. Dist. WL 4359193.)

There is no change in the judgment.

10

The opinion in the above-entitled matter filed on May 21, 2015, was not certified for publication in the Official Reports.  Good cause appearing, it is ordered that the opinion shall be published in the Official Reports.


_____                                         _____

MOSK, Acting P.J.                                                          GOODMAN, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.