Filed 11/9/15  Manos v. U.S. Bank CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| JOHN C. MANOS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>U.S. BANK, National Association, as Trustee, etc., et al.,<br><br>    Defendants and Respondents. | B255468<br><br>(Los Angeles County<br>Super. Ct. No. LC100870) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Frank Johnson, Judge.  Affirmed.

Law Offices of Richard L. Antognini, Richard L. Antognini; Law Offices of George S. Wass, George S. Wass; Law Offices of Patricia Rodriguez, Patricia Rodriguez; Stoller Law Group and Michael T. Stoller for Plaintiff and Appellant.

Wright, Finlay & Zak, Gwen H. Ribar and Marvin B. Adviento for Defendants and Respondents Select Portfolio Servicing, Inc., and U.S. Bank, National Association, as Trustee, etc.

Bryan Cave, Glenn J. Plattner and Deborah P. Heald for Defendants and Respondents JPMorgan Chase Bank, N.A., and California Reconveyance Company.

Mark J. Saladino, County Counsel, and Laura T. Jacobson, Senior Associate County Counsel, for Defendant and Respondent Dean C. Logan.

_____

**INTRODUCTION**

John C. Manos filed this action for fraud, negligence, and other related claims against U.S. Bank, National Association (U.S. Bank), and other entities that allegedly participated in the foreclosure of his home. Manos appeals from a judgment of dismissal following the trial court's order sustaining the defendants' demurrers without leave to amend. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

In May 2007 Manos obtained a loan for $650,000 from Washington Mutual Bank, F.A., to purchase a home in Agoura Hills, California. The loan was evidenced by a promissory note and secured by a deed of trust that identified Manos as the borrower, Washington Mutual as the lender and beneficiary, and California Reconveyance Company as the trustee. The deed of trust was recorded with the Los Angeles County Registrar-Recorder/County Clerk (County Recorder).

In September 2008 the U.S. Office of Thrift Supervision placed Washington Mutual in a receivership under the Federal Deposit Insurance Corporation (FDIC). Approximately four years later, in August 2012, the County Recorder recorded a Corporate Assignment of Deed of Trust in which the FDIC, "as receiver of Washington Mutual Bank F/K/A Washington Mutual Bank, F.A.," purported to transfer the deed of trust on Manos' loan to U.S. Bank, as the current trustee for the Washington Mutual Mortgage Pass-Through Certificates Series 2007-HY7 Trust (Trust).[2]

---

[1]    Because a demurrer assumes the facts alleged in a complaint are true, we make the same assumption. (See *Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.) We also rely on documents that the complaint purported, but neglected, to attach as exhibits. The defendants presented these documents to the trial court with a request for judicial notice, which Manos did not oppose.

On February 14, 2013 U.S. Bank recorded a Substitution of Trustee that substituted the Wolf Firm for California Reconveyance Company as trustee under Manos' deed of trust.[3] That same day, the Wolf Firm recorded a Notice of Default and Election to Sell Under Deed of Trust, stating that Manos owed approximately $43,000. In July 2013 the Wolf Firm recorded a Notice of Trustee's Sale. In addition, at about this time Manos received notice that Select Portfolio Servicing, Inc. (SPS) was now servicing his loan. Manos' home was ultimately sold at a foreclosure sale in November 2013.

On October 2, 2013 Manos filed this action against U.S. Bank as current trustee of the Trust, JPMorgan Chase Bank, N.A. (also erroneously sued as "Chase Bank USA, N.A." and "Washington Mutual Bank, f/k/a Washington Mutual Bank, F.A.") (Chase), California Reconveyance Company (erroneously sued as "California Reconveyance Corporation") (CRC), SPS, and Dean C. Logan in his official capacity as the County Recorder. The complaint asserts causes of action against all defendants for (1) declaratory relief, (2) quiet title, (3) injunctive relief, (4) unfair business practices under Business and Professions Code section 17200 et seq., (5) breach of implied covenant of good faith and fair dealing, (6) fraud, and (7) negligence. An eighth cause of action, for violation of state recordation laws, seeks relief against only the County Recorder.

---

[2]     Manos describes this purported transfer as one "from Chase" to U.S. Bank. That description is not consistent with the language of the assignment. While the assignment does indicate that it was executed by a vice-president of JPMorgan Chase Bank, N.A. "as Attorney-in-Fact for [FDIC] as receiver of Washington Mutual Bank F/K/A Washington Mutual Bank, F.A," the assignment does not indicate that JPMorgan Chase Bank, N.A. purported to hold any rights or interests under the deed of trust.

[3]     This information comes from the recorded Substitution of Trustee that the defendants presented with their request for judicial notice. Although the date and instrument number of that document differ from what is stated in the complaint, the information is consistent with the other documents the complaint purported, but neglected to attach as exhibits.

The thrust of Manos' action "is that the entities that foreclosed on his home had no power to foreclose." The complaint bases this contention on allegations that the purported assignment of his loan to U.S. Bank as trustee of the Trust in August 2012 was "a legal nullity" for two reasons. First, Manos alleges that the assignment was executed after the original lender under the deed of trust, Washington Mutual, "was no longer in existence." Manos alleges that Washington Mutual "ceased to exist as of April 4, 2005" when it changed its name to "Washington Mutual Bank, f/k/a Washington Mutual Bank, F.A." Second, Manos alleges that the assignment was executed after the terms of the Trust prohibited it from accepting new assets. Specifically, he alleges that the pooling and servicing agreement for the Trust "required that any mortgage backed assets be transferred and delivered as of the cut-off date of . . . June 1, 2007, . . . after which time the Trustee had no authority to accept . . . any additional assets on behalf of the Trust, such as the subject note and mortgage herein . . . ." Manos alleges that, because the deed of trust was not validly assigned to U.S. Bank, none of the defendants had authority under the deed of trust to foreclose on his home. Manos sought a judgment quieting title, an injunction barring the foreclosure sale, an order directing the County Recorder to expunge documents relating to the assignment of and foreclosure under the deed of trust, and damages.

SPS and U.S. Bank demurred to all causes of action in the complaint. They argued principally that, under *Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497 (*Jenkins*) and similar authorities, all of Manos' claims failed because he lacked standing to challenge the securitization of his loan. Chase and CRC joined in the demurrer, with additional argument as to the negligence claim. The County Recorder demurred separately. Manos opposed the demurrers and requested leave to amend in the event the court sustained the demurrers to any of the causes of action.

The court sustained the demurrers without leave to amend and entered a judgment of dismissal. Manos timely appealed.

4

## DISCUSSION

### A.    *Standard of Review*

"We review an order sustaining a demurrer de novo to determine whether the complaint states facts sufficient to constitute a cause of action.  [Citations.]  We construe the complaint 'liberally . . . with a view to substantial justice between the parties' [citation] . . . ." (*Rufini v. CitiMortgage, Inc.* (2014) 227 Cal.App.4th 299, 303-304.) "On appeal after the superior court has sustained a demurrer, we assume as true all facts alleged in the complaint." (*Sheehan v. San Francisco 49ers, Ltd.* (2009) 45 Cal.4th 992, 996.)  We may also consider matters that may be judicially noticed.  (*Herrera v. Federal Nat. Mortg. Assn.* (2012) 205 Cal.App.4th 1495, 1501.)  "'If the court sustained the demurrer without leave to amend, as here, we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment.  [Citation.]  If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred.  [Citation.]  The plaintiff has the burden of proving that an amendment would cure the defect. [Citation.]' [Citation.]" (*Arce v. Childrens Hospital Los Angeles* (2012) 211 Cal.App.4th 1455, 1470-1471; see *Herrera*, at p. 1501 [the burden of proving the reasonable possibility of a curative amendment is ""'"squarely on the plaintiff"'""].)  "A plaintiff may show for the first time on appeal how amendment would cure the complaint's defects.  [Citation]." (*Kan v. Guild Mortgage Co.* (2014) 230 Cal.App.4th 736, 741.)

### B.    *The Trial Court Properly Sustained the Demurrers Without Leave To Amend*

Manos does not argue that the trial court erred in sustaining the demurrers to his complaint.  Manos argues only that the court erred in denying his request for leave to amend.  He contends that, by adding allegations that his home has been sold and that he has suffered damages in an amount that offsets the balance due on his loan, he can amend his complaint to state claims for violation of the California's Homeowner Bill of Rights

5

(HBOR), breach of contract, and wrongful foreclosure.[4]  Because Manos' proposed amendments do not state claims against the defendants, however, the trial court did not abuse its discretion in denying Manos leave to amend.

1.       *Manos Cannot State a Claim for Violation of the HBOR*

The Legislature enacted the HBOR, effective January 1, 2013, "to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer, such as loan modifications or other alternatives to foreclosure." (Civ. Code § 2923.4;[5] see *Valbuena v. Ocwen Loan Servicing, LLC* (2015) 237 Cal.App.4th 1267, 1272.)  "To enforce [its] new requirements, the HBOR creates a private right of action allowing a borrower to seek injunctive relief to enjoin a material violation of the act prior to foreclosure and to assert a claim for damages for a violation of the act following foreclosure." (*Alvarez v. BAC Home Loans Servicing, L.P.* (2014) 228 Cal.App.4th 941, 951 [citing § 2924.12, subds. (a), (b)].)  The HBOR limits this private right of action for damages, however, to violations of specific code sections:  "After a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages . . . resulting from a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17 by that mortgage servicer,

---

[4]      As with the claims in the complaint, Manos proposes to assert these new claims against all of the defendants, and he often neglects to specify which cause of action is supposed to be against which defendant.  Because it does not affect our analysis, we will also refer to the defendants collectively, with the exception of the County Recorder.  On appeal, Manos does not mention the County Recorder or give any indication what his proposed claims might be against the County Recorder.

[5]      Undesignated statutory references are to the Civil Code.

mortgagee, trustee, beneficiary, or authorized agent where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale." (§ 2924.12, subd. (b); see *Rockridge Trust v. Wells Fargo, N.A.* (N.D.Cal. 2013) 985 F.Supp.2d 1110, 1149 [to state a claim for damages under the HBOR a borrower "must plead (1) a material violation of one of the enumerated code sections; (2) by a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent; (3) that causes actual economic damages"].)

Manos argues that he can state a claim for damages based on the defendants' violations of three provisions of the HBOR. Specifically, he contends that the defendants violated the requirement of section 2923.55 that, before an entity may initiate foreclosure, the loan servicer must send a written statement notifying the borrower that he may request, among other things, "[a] copy of any assignment, if applicable, of the borrower's mortgage or deed of trust required to demonstrate the right of the mortgage servicer to foreclose" (*id.*, subd. (b)(1)(B)(iii)).[6] Manos also contends the defendants violated the requirement of section 2924.17 that, before recording foreclosure-related notices, " a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default *and the right to foreclose*, including the borrower's loan status and loan information" (*id.*, subd. (b)). Finally, Manos contends that the defendants violated section 2924, subdivision (a)(6), which provides, in relevant part: "No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest."

---

[6] The Legislature inadvertently enacted two versions of section 2923.55: Statutes 2012, chapter 86, section 6, and Statutes 2012, chapter 87, section 6. The Legislature has now repealed the former (Stats. 2015, ch. 303, § 28 [repealing section 2923.55 "as amended by Section 14 of Chapter 76 of the Statutes of 2013"]; Stats. 2013, ch. 76, § 14 [amending section 2923.55 "as added by Section 6 of Chapter 86 of the Statutes of 2012"]), and all citations in this opinion are to the latter.

Putting aside the fact that section 2924 is not one of the sections for which the HBOR provides a private right of action for damages, the factual allegations Manos proposes to make in an amended pleading do not establish a violation of any of the three sections he cites. Manos does not propose to allege, for example, that the defendants did not send the written statement required by section 2923.55, or that the defendants did not conduct the review required by section 2924.17. Rather, Manos contends that the defendants violated all three code sections because "the entities that foreclosed on his home had no power to foreclose."[7]

This contention, however, rests entirely on Manos' allegation that the defendants lacked authority to foreclose under the deed of trust because the assignment to U.S. Bank as trustee of the securitized Trust was not valid. Because Manos does not allege or propose to allege that he was a party to the assignment of his loan to the securitized Trust, he does not have standing to challenge the validity of that assignment. (See *Jenkins*, *supra*, 216 Cal.App.4th at p. 515 ["[a]s an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [the borrower] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions"].)[8]

---

[7]  Manos appears to suggest that this lack of power to foreclose violated section 2923.55 because that section requires a mortgage servicer to send a copy of any loan assignment "to demonstrate the right of the mortgage servicer to foreclose" (see § 2923.55, subd. (b)(1)(B)(iii)), violated section 2924.17 because that section requires a servicer to review evidence that "substantiat[es] . . . the right to foreclose" (see § 2924.17, subd. (b)), and violated section 2924, subdivision (a)(6), because that section "sets down a public policy that only entities that actually own a loan have the power to start a foreclosure."

[8]  In challenging the validity of the assignment of his loan, Manos cites *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079 (*Glaski*). *Glaski* held that "borrowers have standing to challenge void assignments of their loans even though they are not a party to, or a third party beneficiary of, the assignment agreement." (*Id.* at p. 1083.) State and federal courts in California, however, have robustly criticized and declined to follow the *Glaski* decision. (See, e.g., *Kan v. Guild Mortgage Co.*, *supra*, 230 Cal.App.4th at pp. 744-746 [collecting cases]; *In re Davies* (9th Cir. 2014) 565

Consequently, Manos cannot establish what he contends are material violations of the identified code sections based on the allegations he proposes to make.

Nor, contrary to Manos' argument, did the HBOR "overrule" *Jenkins* "and like cases" on the question of whether a borrower has standing to challenge the securitization of his or her loan. According to Manos, the HBOR provisions on which he relies "have established the policy that only entities with the power to foreclose – i.e., only entities who actually own the loan – can authorize a foreclosure." He argues that this policy will not be enforced, and the HBOR "will become a nullity," unless a borrower has standing to challenge an assignment of his loan. The HBOR, however, provides for injunctive relief (§ 2924.12, subd. (a)(1)) and damages (§ 2924.12, subd. (b)) to enforce its purpose. (See *Monterossa v. Superior Court* (2015) 237 Cal.App.4th 747, 752-753 [HBOR "prohibition against dual tracking is given teeth by section 2924.12"].) Manos does not explain how following *Jenkins* will prevent borrowers from invoking those remedies.

Finally, Manos contends that, by alleging violations of the HBOR provisions he identifies, he will be able to state claims for wrongful foreclosure, violation of California's unfair competition law, and negligence. But because Manos cannot establish the purported HBOR violations, he cannot state the claims he would predicate on the alleged HBOR violations.

---

Fed.Appx. 630, 632, 633 [weight of authority holds that those who are not parties to pooling and servicing agreements cannot challenge them, and "[w]e believe the California Supreme Court, if confronted with this issue, would so hold"].) The Supreme Court has granted review in *Yvanova v. New Century Mortgage Corp.* (review granted Aug. 27, 2014, S218973) to decide the following question: "In an action for wrongful foreclosure on a deed of trust securing a home loan, does the borrower have standing to challenge an assignment of the note and deed of trust on the basis of defects allegedly rendering the assignment void?" Pending the Supreme Court's decision in *Yvanova*, we agree with *Jenkins* that borrowers lack standing to challenge the validity of assignments and pooling agreements to which they are not parties.

9

## 2. *Manos Cannot State a Claim for Breach of Contract*

Manos contends that he can state a claim for breach of contract based on the deed of trust, the relevant term of which he summarizes as providing that "only the 'beneficiary' . . . can declare a foreclosure and authorize a foreclosure sale." While he does not specify which defendant he believes breached this term, Manos maintains that there was a breach because "no true 'beneficiary' authorized the foreclosure on his home."[9]

Manos cannot state a claim for breach of contract because the alleged breach, that "a non-beneficiary" authorized the foreclosure on his home, again rests on his allegation that the deed of trust was not validly assigned to the securitized Trust. Because Manos does not have standing to challenge that assignment (*Jenkins*, *supra*, 216 Cal.App.4th at p. 515), he cannot establish the element of breach. (See *Zapata v. Wells Fargo Bank, N.A.* (N.D. Cal., Dec. 10, 2013, No. C 13-04288 WHA) 2013 WL 6491377 at p. *2 [dismissing breach of contract claim based on deed of trust without leave to amend because the claim was "ultimately predicated on challenging the securitization process"].)

## 3. *Manos Cannot State a Claim for Wrongful Foreclosure*

To "maintain a wrongful foreclosure claim, a plaintiff must allege that (1) the defendants caused an illegal, fraudulent, or willfully oppressive sale of the property pursuant to a power of sale in a mortgage or deed of trust; (2) the plaintiff suffered prejudice or harm; and (3) the plaintiff tendered the amount of the secured indebtedness or was excused from tendering." (*Chavez v. Indymac Mortgage Services* (2013) 219 Cal.App.4th 1052, 1062.) Manos argues that he can state a claim for wrongful foreclosure because the foreclosure sale of his home has been completed and he can allege damages in an amount that will off-set the balance due on his loan. Like Manos' other proposed causes of action, however, his proposed wrongful foreclosure cause of

___

[9] Manos also argues at length that the deed of trust is an adhesive contract and that therefore its terms may not "be construed to authorize a foreclosure by a non-beneficiary."

10

action rests on Manos' allegation that the defendants lacked authority to foreclose on his home because the deed of trust was not validly assigned to the securitized Trust. As noted, Manos does not have standing to challenge this assignment. (See *Jenkins*, *supra*, 216 Cal.App.4th at p. 515.) Therefore, he cannot state a claim for wrongful foreclosure. (See *Zapata v. Wells Fargo Bank, N.A.*, *supra*, 2013 WL 6491377 at p. *3 [dismissing wrongful foreclosure claim without leave to amend because the claim was based on alleged "errors in the securitization process"].)

## DISPOSITION

The judgment is affirmed. Respondents are to recover their costs on appeal.

SEGAL, J.

We concur:

ZELON, Acting P. J.

BECKLOFF, J.[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.