NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN E. GILMORE, | No. 15-17395 |
| Plaintiff-Appellant, | D.C. No. 4:14-cv-02389-CW |
| v. | |
| WELLS FARGO BANK, NA; NDEX WEST, LLC, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted July 11, 2017[**]

Before:     CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Kevin E. Gilmore appeals pro se from the district court's summary judgment and dismissal order in his diversity action arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Living*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005). We affirm.

The district court properly granted summary judgment on Gilmore's claim under the California Homeowner's Bill of Rights statute because Gilmore failed to raise a genuine dispute of material fact as to whether his property was "owner-occupied" and his loan modification application was complete. *See* Cal. Civ. Code § 2923.6(c) (a mortgage servicer may not record a notice of default or notice of sale while a complete first lien loan modification application is pending); *id.* § 2924.15 (limiting application of section 2923.6 to residential property that is "owner-occupied"); *see also Valbuena v. Ocwen Loan Servicing, LLC*, 237 188 Cal. Rptr. 3d 668, 671 (Ct. App. 2015) (discussing elements of a statutory violation of the California Homeowner's Bill of Rights).

The district court properly dismissed as time-barred Gilmore's fraud claim relating to insurance premiums because Gilmore filed this action after the applicable statute of limitations had run. *See* Cal. Civ. Proc. Code § 338(d) (fraud claims subject to three-year statute of limitations).

We reject as without merit Gilmore's contention that the district court violated his First Amendment rights by resolving Wells Fargo's motions on the briefs. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Gilmore's request for a refund of his payment of insurance premiums, set forth in his opening brief, is denied.

**AFFIRMED.**