NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAWN GORDON, | No. 17-56475 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-05537-DMG-PLA |
| v. | |
| U.S. BANK, N.A.; DOES, 1-10, inclusive, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted October 22, 2018[**]

Before: SILVERMAN, GRABER, and GOULD, Circuit Judges.

Shawn Gordon appeals from the district court's summary judgment and

dismissal order in his diversity action alleging state law claims arising from a home

mortgage loan. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

*Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Gordon's claims under the version of the California Homeowner Bill of Rights effective before 2018, because Gordon does not dispute that he defaulted under the original loan agreement and defaulted again under a "first lien loan modification," and, therefore, did not have a statutory right to appeal subsequent loan modification application denials. Cal. Civ. Code § 2923.6(c)(3) (repealed Jan. 1, 2018) (authorizing a lender to pursue foreclosure against a defaulted borrower if "[t]he borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification"); *cf. Valbuena v. Ocwen Loan Servicing, LLC*, 188 Cal. Rptr. 3d 668, 671 (Ct. App. 2015) (discussing scope of the statutory protections of the pre-2018 version of the California Homeowner Bill of Rights).

The district court properly granted summary judgment on Gordon's claims under California's Unfair Competition Law ("UCL") because Gordon failed to raise a genuine dispute of material fact as to whether he suffered an economic injury caused by U.S. Bank's conduct, rather than his default. *See* Cal. Bus. & Prof. Code § 17204 (standing under the UCL requires plaintiff's injury to occur "as a result of" defendant's misconduct); *Kwikset Corp. v. Superior Court*, 246 P.3d

877, 885-88 (Cal. 2011) (to bring a claim under the UCL, a plaintiff must have economic injury caused by the defendant's unfair business practice); *see also Turner v. Wells Fargo Bank NA ( In re Turner)*, 859 F.3d 1145, 1150-51 (9th Cir. 2017) (borrowers who were in default lacked standing to bring a UCL claim).

The district court properly dismissed Gordon's wrongful foreclosure and breach of the covenant of good faith and fair dealing claims because Gordon did not allege facts sufficient to state any plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d at 772, 784-85 (9th Cir. 2014) (elements of a wrongful foreclosure claim); *Durell v. Sharp Healthcare*, 108 Cal. Rptr. 3d 682, 698-99 (Ct. App. 2010) (requirements for a breach of the implied covenant of good faith and fair dealing claim).

The district court did not abuse its discretion by taking judicial notice of certain public records without converting U.S. Bank's Fed. R. Civ. P. 12(b)(6) motion to dismiss into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (setting forth standard of review for decision to take judicial notice, and describing material that a district court may

consider when ruling on a Rule 12(b)(6) motion).

**AFFIRMED.**