**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CYNTHIA MARCUS, | No. 19-56288 |
| Plaintiff-Appellant, | D.C. No.<br>2:19-cv-01747-PA-FFM |
| v. | |
| NATIONSTAR MORTGAGE LLC, DBA<br>Mr. Cooper; DOES, 1 through 20,<br>inclusive, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| WELLS FARGO BANK N.A, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted March 10, 2021
Submission Vacated March 22, 2021
Resubmitted May 11, 2022
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  McKEOWN, IKUTA, and BRESS, Circuit Judges.
Partial Dissent by Judge IKUTA.

Cynthia Marcus timely appeals the district court's dismissal of her complaint in favor of Nationstar Mortgage LLC (Nationstar).  The district court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.

The district court did not err in dismissing Marcus's claims under the California Homeowner Bill of Rights (HBOR), Cal. Civ. Code §§ 2923.6, 2923.7.  Civil Code section 2923.6 prohibits a mortgage servicer from recording a notice of default while the lender's "complete application for a first lien loan modification" is pending.  The complaint does not sufficiently allege that Marcus submitted a complete loan modification application.  *See* Cal. Civ. Code § 2923.6(h).  Marcus alleges that she submitted the required paperwork to Nationstar on August 25, 2016, but does not describe the information Nationstar requested or the information she provided.  In addition, Marcus elsewhere acknowledged in her complaint that Nationstar "sent plaintiff a letter on [or] around August 25, 2016, alleging that she still needed to send additional documents in order for her loan modification application to be complete."  Marcus does not allege she took any follow-up action in response to this letter.  Marcus instead states that she "is

2

informed and believes, and therefore states, that Nationstar would send out such boilerplate letters so that it did not have to comply with the requirement that it cease foreclosure activities once an application is complete. But this conclusory allegation, made only on information and belief and without supporting factual allegations, is a "naked assertion[] devoid of further factual enhancement," and is therefore insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

The complaint also made a mere conclusory allegation that Nationstar did not provide Marcus with a single point of contact, which, without more, is inadequate to state a claim under section 2923.7. *See id.* at 679.

The district court did not err in dismissing Marcus's claim under the Real Estate Settlement Procedures Act (RESPA), 12 C.F.R. § 1024.41(f)(2). The complaint insufficiently alleged that Marcus submitted a complete application and that she incurred actual damages as a result of the RESPA violation. *See* 12 U.S.C. § 2605(f)(1)(A).

The district court properly dismissed Marcus's negligence claims because "a lender owes no tort duty sounding in general negligence principles to 'process, review and respond carefully and completely to' the borrower's application." *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 948 (2022). While HBOR

creates statutory duties concerning certain modification applications, it does not create a common-law duty, and as stated above, the statutory claim fails. And because Marcus did not appeal the district court's dismissal of her claim for negligent misrepresentation, we do not consider her argument that her negligent misrepresentation claim would come within the exception to *Sheen*.

The district court properly dismissed Marcus's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and promissory estoppel. Nationstar's alleged promise to consider Marcus's loan modification application upon dismissal of her lawsuit was neither sufficiently definite to create a contract nor sufficiently "clear and unambiguous to support a promissory estoppel." *See Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal. App. 4th 1150, 1174, 1179 (2016). Nor did the complaint state a claim for breach of the deed of trust because Marcus herself alleges that she failed to perform under the deed of trust when she did not make loan payments, and performance under the contract is a necessary element of a breach of contract claim. *See id.* at 1173. Because Marcus has not stated a breach of contract claim for the reasons explained above, her claim for breach of the covenant of good faith and fair dealing also fails. *See Carma Devs., Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 373 (1992); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1369 (2010).

4

The district court did not err in dismissing Marcus's claim for promissory fraud because the complaint did not allege that Nationstar had made a promise to Marcus, *see Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638 (1996), or plead this claim with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure, *see Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010).

Because Marcus fails to plead her other causes of action, the district court properly dismissed her derivative claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, and for declaratory relief. *Friedman v. AARP, Inc.*, 855 F.3d 1047, 1052 (9th Cir. 2017).

**AFFIRMED.**

*Marcus v. Bank of America*, 19-56288

IKUTA, Circuit Judge, dissenting in part:

I dissent from the majority's conclusion that Marcus failed to plead claims under the California Homeowner Bill of Rights, Cal. Civ. Code §§ 2923.6, 2923.7, and therefore would also hold that the district court improperly dismissed Marcus's derivative claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, and for declaratory relief. *Friedman v. AARP, Inc.*, 855 F.3d 1047, 1052 (9th Cir. 2017).

Marcus's complaint plausibly alleged that she submitted a complete application to Nationstar. The complaint alleged that Nationstar's lawyer informed Marcus "of the documents she needed to submit in order for her application to be complete," Marcus submitted those documents, and the lawyer told her that her application was "in review, which meant that plaintiff's application was complete." Drawing all reasonable inferences in favor of the plaintiff, *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987), the complaint plausibly alleged that Marcus's application was complete for purposes of section 2923.6(c) of the California Civil Code.

Although the majority focuses on the complaint's statement that Nationstar later sent a letter claiming that Marcus "still needed to send additional documents,"

1

the complaint also alleged that Marcus "had already sent the requested documents" and that "Nationstar would send out such boilerplate letters so that it did not have to comply with the requirement that it cease foreclosure activities once an application is complete." California courts do not give effect to a lender's bad faith claim that a loan application is incomplete. *See Valbuena v. Ocwen Loan Servicing, LLC*, 237 Cal. App. 4th 1267, 1274–75 (2015) (holding that a lender's bad faith conduct does not render a borrower's application incomplete). By failing to take the complaint's allegations in the light most favorable to Marcus, the majority misapplies our precedent and wrongfully rejects Marcus's HBOR claim.